Matthew LAURENCE, et al.,
Plaintiffs–Appellants,

v.

DEPARTMENT OF the NAVY; U.S. Department of Housing and Urban Development; United States of America, Defendants–Appellees.

No. 94–16011.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1995.

Decided June 28, 1995.

Richard L. Bowers, The Boccardo Law Firm, San Jose, CA, for plaintiffs-appellants.

Eva M. Plaza and Steven M. Talson, U.S. Dept. of Justice, Washington, DC, for defendants-appellees.

Before: SCHROEDER, BEEZER, and THOMPSON, Circuit Judges.

SCHROEDER, Circuit Judge:

Plaintiffs, 250 current and past residents of the Midway Village public housing complex in Daly City, California, appeal the district court's grant of summary judgment to the government in their suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1341(b), 2671–80. Plaintiffs sought damages for personal injuries allegedly caused by the government in connection with the 1944 construction of Midway Village, national defense housing which later became a low-income housing project. The complaint alleges that the government negligently used soil contaminated with lampblack as landfill for the original facility. The published district court opinion fully discusses the suit's background and the parties' arguments. *Laurence v. United States*, 851 F.Supp. 1445 (N.D.Cal.1994).

The district court granted summary judgment to the government on two separate and independent grounds. One ground was that the challenged activity was performed by an independent contractor. *Id.* at 1452–53. Under the FTCA, the United States is subject to liability for the negligence of an independent contractor only if it can be shown that the government had authority to control the detailed physical performance of the contractor and exercised substantial supervision over its day-to-day activities. *See United States v. Orleans*, 425 U.S. 807, 814–15, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976); *Letnes v. United States*, 820 F.2d 1517, 1519 (9th Cir.1987).

We agree with the district court that the independent contractor exception bars liability in this case. The evidence established that the Federal Public Housing Authority ("FPHA") directed the construction of the military housing facility for use by the U.S. Navy. The FPHA contracted with the civilian architectural and engineering firm of Ellinger, Lee & Mitchell ("EL & M") to do a feasibility study, and to survey, design and construct the housing facility. Charles Lee, a name partner in EL & M and the civil engineer in charge of the project, testified in a 1948 eminent domain valuation proceeding that he "signed a contract" with the United States and made the decision to use fill.

Lee did not testify that he made or approved the actual decision to use the contam-

inated landfill. The record shows, however, that EL & M was charged with this task. With the exception of a letter authorization from FPHA to EL & M, dated November 13, 1944 and authorizing EL & M to conduct a "Survey of Subsurface Foundation Conditions, Surface Drainage and Existing Utilities for [Midway Village]," there is no credible evidence of governmental activity. The letter authorization does not create a genuine issue of material fact as to whether the government exercised the requisite "substantial supervision" by controlling the detailed physical performance and day-to-day work of EL & M. *See Letnes,* 820 F.2d at 1519. Accordingly, the independent contractor exception bars liability in this case.

Assuming that the United States was responsible for the decision to use contaminated fill, the district court also decided that the government would have no liability because of the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). *See Laurence,* 851 F.Supp. at 1450–52. Because we find that the activity at issue here is governed by the independent contractor exception, we find it unnecessary to reach the issue of the applicability of the discretionary function exception.

AFFIRMED.