60 F.3d 656
 95 Cal. Daily Op. Serv. 5841, 95 Daily Journal
D.A.R. 10,005,
95 Daily Journal D.A.R. 9979
Garry WILL, d/b/a Will Logging and Construction, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-36157.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 12, 1995.
Decided July 26, 1995.
 
 Richard B. Price, Omak, WA, for plaintiff-appellant.
 Joseph H. Harrington, Asst. U.S. Atty., Spokane, WA, for defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before: WRIGHT and BRUNETTI, Circuit Judges, and GONZALEZ,* District Judge.
 PER CURIAM:
 
 
 1
 This case involves a claim by a logging contractor against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671 et seq., for property damage sustained by his road grader while it was parked in a national forest.
 
 FACTS
 
 2
 During the summer of 1989, a timber sale and a ponderosa pine tree study required logging in the same area of the Colville National Forest in Washington state. The Forest Service had sold timber to a sawmill. The sawmill had contracted with Garry Will to cut and remove that timber. The Forest Service had selected and marked ponderosa pine trees to be logged. It contracted with a lumber company which subcontracted with Larry Dragnich to harvest those trees.
 
 
 3
 Before the Fourth of July weekend, Will parked a road grader and other heavy equipment off a dead-end road in the forest. Removing the equipment from the forest in the evenings and on weekends was not economically feasible. Parking the equipment in a secluded area protected it from vandalism.
 
 
 4
 During the weekend, the Forest Service's agent, Todd Gordon, met with Dragnich and walked around the study area. They found Will's grader parked next to a marked selected tree. To cut that tree, they needed to move Will's grader. Dragnich told Gordon that he had a universal key that would allow him to start the grader. He moved it to a bluff, exposing it to a more heavily traveled road and did not return it to the secluded area. Although Dragnich and other loggers knew that Will owned the grader, they did not attempt to tell him that it had been moved.
 
 
 5
 After the weekend, when Will's employee returned to the forest, he found that the grader had been moved and burned. Other equipment was not damaged.
 
 PROCEEDINGS
 
 6
 Will sued the United States.[1] He alleged that the Government was liable for Dragnich's negligence and its own negligence. The court dismissed for lack of subject matter jurisdiction his claim against the Government for Dragnich's negligence because Dragnich was an independent contractor. The court also granted summary judgment on his claim against the Government for its negligence because, as a landowner, the Forest Service did not owe a duty to Will.
 
 
 7
 Will appeals. We have jurisdiction under 28 U.S.C. Sec. 636(c)(3). We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 
 ANALYSIS
 
 8
 I. Subject matter jurisdiction.
 
 
 9
 We review de novo the court's conclusion that it lacked subject matter jurisdiction. Carpenter v. DOT, 13 F.3d 313, 314 (9th Cir.1994). We review factual findings on jurisdictional issues for clear error. Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A., 20 F.3d 987, 990 (9th Cir.1994).
 
 
 10
 Under the FTCA, the district courts have exclusive jurisdiction over claims against the United States for injuries or losses of property caused by the negligent or wrongful act or omission of a government employee. 28 U.S.C. Sec. 1346(b). "[A]n employee of the Government" is either an officer or an employee of any federal agency, but not a contractor with the United States. 28 U.S.C. Sec. 2671; see United States v. Orleans, 425 U.S. 807, 813-14, 96 S.Ct. 1971, 1975-76, 48 L.Ed.2d 390 (1976). In distinguishing between employees and contractors, "the critical factor ... is the authority of the [United States] to control the detailed physical performance of the contractor." Logue v. United States, 412 U.S. 521, 527-28, 93 S.Ct. 2215, 2219-20, 37 L.Ed.2d 121 (1973). Other factors include:
 
 
 11
 ... whether the employer or the workman supplies the tools, equipment, and the place of work for the person doing the work; the length of time for which the person is employed; the method of payment, that is whether by time or by the job; ...
 
 
 12
 1 Lester S. Jayson, Handling of Federal Tort Claims Sec. 8.04, 8-64 to 8-65 (1994) (citing Restatement (Second) of Agency Sec. 220(2)).
 
 
 13
 Dragnich and other workers supplied their own tools and equipment including a truck, a tractor and chain saws. Dragnich was paid by the lumber company, and the others by Dragnich. Dragnich was hired by the lumber company, not by the Forest Service. Similarly, the others were hired by Dragnich, not by the Forest Service. Furthermore, the Forest Service lacked authority to control every detail of Dragnich's work.
 
 
 14
 The court did not err in finding that Dragnich was an independent contractor. It properly dismissed for lack of subject matter jurisdiction Will's claim against the United States for Dragnich's negligence.
 
 
 15
 II. Summary judgment.
 
 
 16
 We review de novo a grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We also review de novo an interpretation of state law. Ravell v. United States, 22 F.3d 960, 961 n. 1 (9th Cir.1994).
 
 
 17
 The FTCA provides that: "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. Sec. 2674. Its liability is determined under the law of the state where the act or omission occurred. Cameron v. Janssen Bros. Nurseries, Ltd., 7 F.3d 821, 825 (9th Cir.1993).
 
 
 18
 Under Washington law, an actionable claim for negligence requires: (1) a duty; (2) a breach; (3) an injury; and (4) proximate cause. Youngblood v. Schireman, 53 Wash.App. 95, 765 P.2d 1312, 1314 (1988). A landowner owes a licensee[2] two duties. The Washington Supreme Court has explained:
 
 
 19
 [W]here there is a condition on a possessor's land of which he knows or has reason to know, which he should realize involves an unreasonable risk of harm to licensees, the dangers of which he should expect they will not discover or realize, he has a duty to make that condition safe for them or to warn them of the danger. Memel v. Reimer, 85 Wash.2d 685, 538 P.2d 517 (1975).... [W]here the possessor's activities create an unreasonable risk of harm, he has a duty to exercise reasonable care to avoid injuring a person who is on his land with his permission and of whose presence he is, or should be, aware. Potts v. Amis, 62 Wash.2d 777, 384 P.2d 825 (1963).
 
 
 20
 Roberts v. Johnson, 91 Wash.2d 182, 588 P.2d 201, 203 (1978); see also Restatement (Second) of Torts Secs. 341-42 (1965).
 
 
 21
 As to conditions on the land, the landowner may have a duty to warn a licensee of criminal conduct of third parties. See Youngblood, 765 P.2d at 1315. But the landowner does not have that duty in the absence of a special relationship between the landowner and either the third party or the licensee. Id. at 1315-17. Special relationships include custodian and ward, innkeeper and guest, tavern owner and patron, and employer and employee. Id. at 1316. The Government had no special relationship with either Will or the vandals who burned the grader. Thus, it had no duty to warn Will of criminal conduct.
 
 
 22
 As to activities on the land, the landowner has a duty to exercise reasonable care while engaging in activities on its land. See Potts, 384 P.2d at 829-31. By harvesting ponderosa pine trees for its study in the national forest, the Government was engaged in an activity on public land. It owed Will a duty to exercise reasonable care while harvesting those trees.[3]
 
 
 23
 The court erred in concluding that, as a landowner, the Government did not owe a duty to Will. It improperly granted summary judgment on Will's claim against the United States for its negligence.[4]
 
 
 24
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 [1]
 He also sued Dragnich. The court dismissed that claim for lack of pendent jurisdiction. He does not appeal this ruling
 
 
 [2]
 The Government does not dispute that Will was at least permitted to be in the national forest and that he was at least a licensee
 
 
 [3]
 Whether the Government breached that duty is a disputed question of fact. See Thomas v. Wilfac, Inc., 65 Wash.App. 255, 828 P.2d 597, 601 (1992). The record reflects triable issues about: (1) whether Gordon participated in or ratified Dragnich's decision to move the grader; and (2) whether moving the grader, without returning it or informing Will that it had been moved, was an exercise of reasonable care
 
 
 [4]
 Will argues that, regardless of landowner liability, the Government "retained" a duty to "protect" his property while it was in the national forest. But the record does not support his assertion that the Government accepted any duty respecting private property beyond those imposed by Washington tort law