101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sue MONROE, Plaintiff-Appellant,
v.
U.S. MARSHALS; U.S. Department of Justice; George Burke,
individually and jointly in his official capacity,
Defendants,
and
Judy Smith, Registered Nurse in her Official Capacity; City
of Kent; United States of America; Nancy Lederwood Van
Vleek, Physician's Assistant; Dennis Bylerly, individually
and jointly in his official capacity; King County Health
Department, dba King county Jail Health, Defendants-Appellees.
 No. 95-35716.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1996.*
Decided Nov. 15, 1996.
 
 Before: WRIGHT, BRUNETTI, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sue Monroe, a federal prisoner, appeals pro se both the district court's dismissal of the City of Kent and several individual defendants, and its summary judgment in favor of the United States, in her action under the Federal Tort Claims Act, 28 U.S.C. § 2671-2680 ("FTCA"). Monroe alleged that negligence on the part of the United States Marshal's Service, the City of Kent, and various individuals caused her to develop lupus, a progressive kidney disease. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo both the district court's dismissal, Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994), and the district court's grant of summary judgment, Will v. United States, 60 F.3d 656, 659 (9th Cir.1995).
 
 
 4
 The FTCA constitutes a limited waiver of sovereign immunity and permits the United States to be sued for the negligence of its employees. 28 U.S.C. § 2671; Letnes v. United States, 820 F.2d 1517, 1518 (9th Cir.1987). The acts or omissions of a government contractor or its employees are only actionable under the FTCA if the government has the authority "to control the detailed physical performance of the contractor" and supervise its "day-to-day operations." Letnes, 820 F.2d at 1518 (quoting Logue v. United States, 412 U.S. 521, 528-29 (1973)); accord Laurence v. Department of Navy, 59 F.3d 112, 113 (9th Cir.1995).
 
 
 5
 Here, Monroe was a federal prisoner temporarily housed at the City of Kent correctional center ("jail") pursuant to a contract between the United States Marshal's Service ("Marshals") and the City of Kent. Monroe claimed that the United States is liable under the FTCA for the actions of the City of Kent and its employees because the jail does not fall under the "contractor" exception of the FTCA. Monroe also claimed that the Marshals knew about the inadequate medical care Monroe received when she was housed at the jail.
 
 
 6
 The district court did not err by dismissing the City of Kent and its employees from Monroe's action because the United States is the only proper defendant in an FTCA action. See 28 U.S.C. § 2674; see also Williams v. United States, 405 F.2d 951, 954 (9th Cir.1969).
 
 
 7
 The district court properly found that the United States was not liable under the FTCA based upon the actions of the jail employees. See Logue, 412 U.S. at 528. In its motion for summary judgment, the United States submitted evidence that established that it had a contract with the City of Kent to provide temporary custody for federal prisoners, and that the Marshals were not responsible for the day-to-day operations of the jail. Monroe's argument that the Marshals' inspections preclude the jail from contractor status is without merit. See Letnes, 820 F.2d at 1518-19 (noting that inspections and the ability to compel compliance with federal regulations is no longer evidence of an employee relationship). Thus, the district court correctly concluded that the jail is an independent contractor, and that the United States cannot be held liable for the negligence of jail employees pursuant to the FTCA. See Logue, 412 U.S. at 528; see also Laurence, 59 F.3d at 114; Letnes, 820 F.2d at 1518-19.
 
 
 8
 In addition, the district court properly concluded that Monroe failed to support her allegations of negligence on the part of the Marshals. Under the FTCA, liability for an employee's act of negligence is determined by the law of the state where the act occurred. See Beech Aircraft Corp. v. United States, 51 F.3d 834, 838 (9th Cir.1995) (per curiam). Pursuant to Washington law, which is applicable here, to establish a cause of action for negligence a plaintiff must show (1) a legal duty to use care; (2) breach of the duty; and (3) the breach must proximately cause the resulting injury. Will, 60 F.3d at 659. Here, Monroe failed to submit evidence that would establish a genuine issue of fact regarding each element of her negligence claim. See Celotex v. Catrett, 477 U.S. 317, 324 (9th Cir.1986); Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990).[1]
 
 
 9
 Monroe's contention that the district court erred by dismissing the action and proceeding to summary judgment without allowing her to conduct discovery lacks merit. Under Fed.R.Civ.P. 56(f), a party may apply for a continuance of the proceedings to permit discovery. Because Monroe never formally sought discovery, the district court did not abuse its discretion by granting summary judgment for the United States. See Brae Transp. Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).
 
 
 10
 Because this case presents no exceptional circumstances, we conclude that the district court did not abuse its discretion by denying Monroe's motion for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 11
 Finally, Monroe appeals the district court's award of costs to the defendants. A prevailing party is ordinarily entitled to recover costs. See Fed.R.Civ.P. 54(d). This is so even in the case of indigent prisoner litigants who have been granted leave to proceed in forma pauperis. 28 U.S.C. § 1915(f)(2). Accordingly, we affirm the district court's award of costs to the defendants as prevailing parties.[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Several days after Monroe filed objections to the magistrate's Fifth Report and Recommendation which recommended granting summary judgment, Monroe submitted a "declaration" in which she stated that she would prove at trial that she had mailed a letter to the Marshal's office informing them of her illness and lack of treatment at the jail. Although this declaration purports to contradict affidavits submitted by the Marshal's office stating that they never received the letter Monroe describes, Monroe's statement that she would produce this evidence at trial is insufficient to meet her burden for opposing summary judgment. See Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324
 
 
 [2]
 Monroe's contention that the district erred by denying her "motion to meet and confer" is without merit
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)