103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric Vongrastic LOGAN, Plaintiff-Appellant,
v.
UNITED STATES of America; Ernest G. Wright, President;
Pacific Furlough Facility, Defendants-Appellees.
 No. 96-55042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Vongrastic Logan, a federal prisoner, appeals pro se the district court's summary judgment for the United States. Logan contends that he was negligently placed in a private custodial facility ill-equipped to care for his needs as a paraplegic awaiting trial. Logan also contends that the district court erred by denying his motion for appointment of counsel. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and affirm.
 
 
 3
 To the extent Logan's Federal Tort Claims Act ("FTCA") claim is based on the alleged negligent acts of the magistrate judge, his claim fails. Judges are absolutely immune for all judicial acts done in an official capacity, including all "function[s] normally performed by a judge." Stump v. Sparkman, 435 U.S. 349, 362 (1978); Partington v. Gedan, 961 F.2d 852, 866 (9th Cir.), cert. denied, 506 U.S. 999 (1992). Here, the magistrate judge's decision to place Logan in the custody of a private custodial facility and his subsequent decision to keep him there are ones normally performed by judges, and thus protected by judicial immunity. See Partington, 961 F.2d at 866.
 
 
 4
 To the extent Logan seeks to bring FTCA claims against Pacific Furlough Facility ("Pacific Furlough"), a private custodial facility and not a federal agent or employee, his claim fails. Pursuant to 28 U.S.C. § 2671, the United States is not responsible for the acts of its independent contractors. Will v. United States, 60 F.3d 656, 659 (9th Cir.1995) (per curiam). For a contractor to be considered a federal agent or employee, the federal government must have control of the contractor's performance and supervise day-to-day operations. Id. Here, Pacific Furlough contracted with the United States Bureau of Prisons to provide "care, custody, control, accountability and treatment" of federal prisoners. Pacific Furlough also retained day-to-day control over its own operation. Because Pacific Furlough is an independent contractor, Logan's FTCA claim against it fails. See id.
 
 
 5
 Logan also contends that the United States violated his Fifth, Eighth, and Fourteenth Amendment rights, entitling him to monetary compensation. In Bivens v. Six Unknown Named Agents, 403 U.S. 388, 396-97 (1971), the Supreme Court granted victims of constitutional violations by federal agents the right to recover damages in federal court. However, a Bivens action can only be brought against the individual federal agent in his or her individual capacity. Vacarro v. Dobre, 81 F.3d 854, 857 (9th Cir.1996). Bivens does not permit suits against the government or its agencies for monetary relief. Cato v. United States, 70 F.3d 1103, 1110-11 (9th Cir.1995). Here, Logan fails to allege responsibility for constitutional violations of his rights on the part of any individual government agent other than the magistrate judge, who is protected by judicial immunity. Accordingly, the district court did not err by granting summary judgment on this issue. Id.
 
 
 6
 Logan also contends that his rights pursuant to the Americans with Disabilities Act ("ADA") were violated. However, as noted by the district court, even if Logan was injured in violation of the ADA, the injury occurred on January 20, 1992, six days before the ADA became effective on January 26, 1992. Because the ADA is not retroactive, Logan's claim must fail. See, 42 U.S.C. § 12131; see also, Burfield v. Brown, Moore, Flint, Inc., 51 F.3d 583, 588 (5th Cir.1995).
 
 
 7
 Logan also contends that the United States was negligent in failing to assure that Pacific Furlough abide by the terms of the Rehabilitation Act of 1973. 29 U.S.C. 504. However, the Rehabilitation Act covers only the recipients of federal financial assistance and not the recipients of compensatory payments for services. 29 U.S.C. 794(b); see Jacobson v. Delta Airlines, Inc., 742 F.2d 1202, 1208 (9th Cir.1984), cert. denied, 471 U.S. 1062 (1985). Because Logan did not allege that Pacific Furlough operates under federal financial assistance and the record shows the government did not subsidize Pacific Furlough's operation, Logan's Rehabilitation Act claim fails.
 
 
 8
 Finally, Logan argues that the district erred by refusing to appoint counsel. The trial court's refusal to appoint counsel is reviewed for an abuse of discretion. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). District courts may appoint counsel only in "exceptional circumstances." Terrell, 935 F.2d at 1017. Exceptional circumstances requires the court to look at both " 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (quoting Meygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)). The district court found that Logan's claims did not have a high likelihood of success on the merits due to the nature of his claims. The district court also found that Logan's articulation of the claims was satisfactory and that any need for evidentiary hearings or discovery did not render the case complex. Because the district court did not abuse its discretion, its denial of Logan's motion to appoint counsel is affirmed. See Terrell, 935 F.2d at 956.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal