Antonio Medina PUERTA, Dr.,
Plaintiff—Appellant,

v.

UNITED STATES of America,
Defendant,

and

Todd R. CRAIG; Darren Bracy; Joe Henderson; Charles Grigg; Cliff Castro; Harris Broderick, Dr., Defendants—Appellees.

No. 99–56172.

D.C. No. CV 96–04969–DDP–BQR.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2001.*

Decided Feb. 8, 2001.

---

* The panel is of the unanimous opinion that this case is suitable for disposition without oral argument. Fed. R.App. P. 34(a)(2).

Before ARCHER,** TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM ***

Former federal prisoner Antonio Medina Puerta appeals pro se the district court's denial of his Federal Rule of Civil Procedure 56(f) motion for a continuance, grant of summary judgment for defendants and dismissal of his *Bivens* claims, and the denial of his application to withdraw the stipulation of dismissal of the United States in his Federal Tort Claims Act claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The district court did not abuse its discretion in denying Puerta's Rule 56(f) motion for a continuance. The motion was untimely, *see Ashton–Tate Corporation v. Ross,* 916 F.2d 516, 520 (9th Cir.1990), and sought previously denied irrelevant discovery, *see Terrell v. Brewer,* 935 F.2d 1015, 1017–18 (9th Cir.1991); *Maljack Production, Inc. v. GoodTimes Home Video Corporation,* 81 F.3d 881, 888 (9th Cir.1996).

The district court's granting of summary judgment is reviewed de novo. *See Terrell,* 935 F.2d at 1018. The district court properly granted summary judgment for defendants on Puerta's *Bivens* access to the courts claim because Puerta did not demonstrate actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The district court properly granted summary judgment on Puerta's *Bivens* medical care claim

---

** The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

against Dr. Broderick, because Puerta undisputedly received medical care and merely disagrees with his course of treatment. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989). The district court properly granted summary judgment on Puerta's medical care claim against Craig, the Prison Administrator. Craig denied Puerta's job transfer requests for legitimate reasons and, therefore, was not deliberately indifferent. *See Estelle v. Gamble,* 429 U.S. 97, 106–07, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) the parties stipulated to dismiss the United States from Puerta's FTCA claims. The district court denied Puerta's request to withdraw his stipulation to dismiss noting that withdrawal would be futile because summary judgment for the United States was appropriate. This court reviews de novo, *see Will v. United States,* 60 F.3d 656, 659 (9th Cir.1995) (per curiam), and may affirm on any ground, *see Summers v. A. Teichert & Son, Inc.,* 127 F.3d 1150, 1152 (9th Cir. 1997). Puerta's claims that imply the invalidity of his conviction (e.g., false arrest, false imprisonment) are barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). His claims for intentional and negligent infliction of emotional distress are barred by 42 U.S.C. § 1997e(e). Finally, Puerta did not come forward with sufficient evidence to support a cause of action under the FTCA for any of his other alleged torts. Therefore, judgment was appropriate as a matter of law.

AFFIRMED.