Margaret Afton F. JOHNSON,
Plaintiff–Appellant,

v.

**UNITED STATES of America, Debbie Hill, Defendants–Appellees,**

No. 03–35952.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 18, 2005.

Decided May 23, 2005.

Alan Hilliard Legum, Alan Hilliard Legum, P.A. Attorneys at Law, Annapolis, MD, for Plaintiff–Appellant.

Debbie Hill, Red Lodge, MT, pro se.

Mark Steger Smith, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Defendants–Appellees.

Before: B. FLETCHER and GOULD, Circuit Judges, and KING,* District Judge.

## MEMORANDUM **

Margaret Afton F. Johnson appeals the district court's dismissal for lack of subject matter jurisdiction of her case brought against the United States Postal Service ("USPS") under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

We review de novo the district court's determination regarding subject matter jurisdiction under the FTCA. *Bramwell v. U.S. Bureau of Prisons,* 348 F.3d 804, 806 (9th Cir.2003).

On a motion for lack of subject matter jurisdiction under Rule 12(b)(1) of the

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Federal Rules of Civil Procedure, a court may rely upon affidavits or other evidence properly before the court. *Ass'n of Am. Med. Colls. v. United States,* 217 F.3d 770, 778 (9th Cir.2000). A court may consider this evidence and resolve factual disputes, if necessary. *Id.* That is, with a rule 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction. *See Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987).[1]

Although Debbie Hill was a contractor, the evidence clearly indicates that the USPS controlled the "detailed physical performance" of her position and exercised "substantial supervision" over her day-to-day activities. *See, e.g., Laurence v. Dep't of the Navy,* 59 F.3d 112, 113 (9th Cir. 1995). Such control renders inapplicable the independent contractor exception to the FTCA. *Id.*

The great weight of the evidence indicates that the USPS dictated every aspect of Hill's daily employment activities. Her duties were listed on a chart and left virtually no discretion as to how she was to perform her job. The directions as set forth on the chart and in the contract's scope of work were so detailed as to direct how many times to turn a mop over, as well as when and how to place safety signs. Moreover, the local postmaster also directed Hill where to clean on a day-to-day basis.

As the USPS points out, the United States may "fix specific and precise conditions to implement federal objectives" without becoming liable for an independent contractor's negligence. *United States v. Orleans,* 425 U.S. 807, 816, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). Here, however, the directions in the contract's scope of work were not merely conditions to implement federal objectives. Rather, through the scope of work and other directions from the local postmaster, the USPS mandated how Hill was to perform her job on a day-to-day basis.

The USPS points to other evidence indicating that it did not control Hill. For example, she was provided with no benefits such as health insurance. Further, she admits she was operating a "small business concern" that was "independently owned and operated." Such evidence, however, only proves that she was a contractor—a premise that is not disputed and with which we start. The relevant inquiry is whether, despite her contractor status, the USPS exercised substantial control over Hill's daily activities. As to that question, the evidence overwhelmingly favors Plaintiff. Reviewing the matter de novo, we find that the USPS exercised substantial control over Hill so as to render the contractor exception to the FTCA inapplicable. Accordingly, subject-matter jurisdiction exists and the matter is remanded for further proceedings on the merits of the FTCA claim.

REVERSED AND REMANDED.

---

1. This principle does not apply if—as is not the case here—the jurisdictional question is "intertwined" with the substantive merits of the case. *Id.*