109 F.3d 554
 97 Cal. Daily Op. Serv. 2005, 97 Daily Journal
D.A.R. 3695
In re ELKO COUNTY GRAND JURY, Subpoena Served on: Ben
Siminoe, Assistant Forest Supervisor, U.S.
Department of Agriculture, Forest Service.
ELKO COUNTY GRAND JURY, Appellant,
v.
Ben SIMINOE, Assistant Forest Supervisor, U.S. Department of
Agriculture, Forest Service, Appellee.
 No. 96-16394.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 10, 1997.*
Decided March 19, 1997.
 
 Appeal from the United States District Court for the District of Nevada, Edward C. Reed, Jr., District Judge, Presiding. D.C. No. CV-96-00336-ECR.
 Gary D. Woodbury, Elko County District Attorney, Elko, Nevada, for Appellant.
 Mark B. Stern, United States Department of Justice, Washington, D.C., for Appellee.
 Before GOODWIN, BRUNETTI and FERNANDEZ, Circuit Judges.
 BRUNETTI, Circuit Judge.
 
 
 1
 The Elko County Grand Jury appeals from a district court order granting the Government's motion to quash a state subpoena and denying the Grand Jury's motion to remand.
 
 
 2
 Appellant issued a subpoena to Ben Siminoe, a Forest Service employee. After the Forest Service instructed Siminoe not to appear and testify pursuant to United States Department of Agriculture ("USDA") regulations, a Nevada state court ruled that the Grand Jury could validly subpoena federal employees and could petition for a bench warrant upon the federal officials refusal to comply with the subpoena. After re-issuance of the subpoena, Siminoe, represented by the Department of Justice, removed the case to the United States District Court pursuant to 28 U.S.C. § 1442. The district court quashed the subpoena and refused to remand the case, and Appellant timely appealed. We affirm the district court's decision.
 
 I.
 
 3
 Initially we note that because this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction. See Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none ...."); see also Swett v. Schenk, 792 F.2d 1447, 1451 (9th Cir.1986) (same). Because we conclude that the state court lacked jurisdiction to issue the subpoena, we must dismiss the case on that ground.
 
 II.
 
 4
 The Forest Service refused to allow Siminoe to testify pursuant to USDA regulations governing the appearance of employees as witnesses. See 7 C.F.R. §§ 1.210-1.214. The authority for these regulations stems from 5 U.S.C. § 301, which states:
 
 
 5
 The head of an Executive department ... may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.
 
 
 6
 The Department of Agriculture issued regulations based on this statute which "set forth procedures governing the appearance of USDA employees as witnesses in order to testify or produce official documents in judicial or administrative proceedings when such appearance is in their official capacity or arises out of or is related to their employment with USDA." 7 C.F.R. § 1.210. Judicial proceedings are defined as "any case or controversy pending before any federal, state, or local court." 7 C.F.R. § 1.211(c). The regulations also state that "[n]o USDA employee may provide testimony or produce documents in judicial or administrative proceedings unless authorized in accordance with this subpart." 7 C.F.R. § 1.212.
 
 III.
 
 7
 The appellant proffers a variety of arguments why the USDA regulations do not apply here. Appellant contends that a grand jury proceeding does not fall under the definition of a "judicial proceeding" because it is not a case or controversy before a court. It also argues that 5 U.S.C § 301's language stating that it "does not authorize withholding information from the public" constitutes a waiver of sovereign immunity and also bars the Forest Service from preventing Siminoe's compliance with the subpoena.
 
 
 8
 Because we ultimately find that we do not have jurisdiction to review their appeal, we will not examine the merits of these arguments.
 
 IV.
 
 9
 Instead, we examine the jurisdictional issues presented when a state entity subpoenas a federal official. The United States argues that the Touhy doctrine applies in this case to bar state jurisdiction to subpoena federal employees. This court has interpreted United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951) to hold that "subordinate federal officers could not be held in contempt for failing to comply with a court order in reliance on a validly promulgated regulation to the contrary." Swett, 792 F.2d at 1451.
 
 
 10
 Here, the relevant Department of Agriculture regulations essentially bar a USDA official from appearing in "a judicial or administrative proceeding unless authorized in accordance with this subpart." 7 C.F.R. § 1.212. The Forest Service denied Siminoe permission to appear and he based his refusal to testify on that decision.
 
 
 11
 The Grand Jury interprets 5 U.S.C. § 301 to constitute a waiver of sovereign immunity. We disagree. As the Seventh Circuit has noted previously, "cases involving § 1442(a) removals of state subpoena proceedings against unwilling federal officers have held that sovereign immunity bars the enforcement of the subpoena." Edwards v. U.S. Dep't. of Justice, 43 F.3d 312, 317 (7th Cir.1994). Appellant is also unable to demonstrate that the United States waived its sovereign immunity. If anything, the Forest Service's refusal to allow Siminoe to testify is an express application of this immunity. See Boron Oil Co. v. Downie, 873 F.2d 67, 70-71 (4th Cir.1989) (holding that subpoena of federal official falls within protection of sovereign immunity); United States v. McLeod, 385 F.2d 734, 750-52 (5th Cir.1967) (same).
 
 
 12
 In addition, the state court lacked jurisdiction to subpoena Siminoe and could not have issued a bench warrant had he refused to comply with the subpoena. This is true regardless of any court's interpretation of the appropriate regulations. "[A] consideration of the merits can play no part in our decision." Swett, 792 F.2d at 1452; see also In re Boeh, 25 F.3d 761, 764-65 & n. 4 (9th Cir.1994). We have no jurisdiction to weigh appellant's argument that 5 U.S.C. § 301 bars the Forest Service from refusing to comply with the subpoena. Any interpretation of the legality of the regulations as authorized by 5 U.S.C. § 301, must await another day.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [1]
 The appropriate means for challenging the Department of Agriculture's decision under Touhy is an action under the Administrative Procedure Act in federal court. See, e.g., Swett, 792 F.2d at 1452 n. 2