**GOLDEN EAGLE INSURANCE CORPORATION, Plaintiff,**

v.

**ALLIED TECHNOLOGY GROUP, a corporation, et al., Defendants.**

**No. ED CV98–0312–RT VAPX.**

United States District Court,
C.D. California,
Eastern Division.

March 2, 1999.

Steven M. Schuetze, Charton, Vermes & Rovenger, Santa Ana, CA, for Plaintiff Golden Eagle Insurance Corporation.

Dan L. Longo, Murchison & Cumming, Santa Ana, CA, for Defendant Allied Technology Group, a Corporation.

Troy A. Edwards, Lewis, D'Amato, Brisbois & Bisgaard, Costa Mesa, CA, for Defendants Octagon, Inc., a Corporation, and Timothy M. Collister.

Alejandro N. Mayorkas, United States Attorney, Leon W. Weidman, Assistant U.S. Attorney, Chief, Civil Division, Kevin B. Finn, Assistant U.S. Attorney, Los Angeles, CA, for Cross–Defendant United States of America.

ORDER 1) DISMISSING CROSS–COMPLAINANTS OCTAGON, INC. AND TIMOTHY COLLISTER'S FIRST AMENDED CROSS–COMPLAINT AGAINST CROSS–DEFENDANT UNITED STATES OF AMERICA AND 2) REMANDING ACTION TO STATE COURT.

TIMLIN, District Judge.

The Court has read and considered Cross–Complainants Octagon, Inc. and

Timothy Collister's response to the Court's December 1, 1998 order to show cause in which Plaintiffs County of San Bernardino and Central Valley Fire Protection District joined; Defendant Allied Technology Group, Inc.'s response to the order to show cause; Cross–Defendant United States of America's oppositions/replies; and Cross–Complainants reply. Based on such consideration, the Court concludes as follows:

## I.

### BACKGROUND

On March 17, 1998, Jose Villareal, Martin Villareal, by and through his guardian ad litem, Anna Villareal (collectively, "Plaintiffs") filed a complaint in the Superior Court of the State of California in and for the County of San Bernardino against Allied Technology Group, Dick's Auto Salvage, Timothy Collister, Octagon, Inc., and Does 1 through 100 ("Defendants). According to the complaint, Martin Mendoza, who is the father of Plaintiff Martin Villareal, was killed, and Plaintiff Jose Villareal was severely injured, when a shell casing delivered to them by Defendants exploded while the two were dismantling the casing to recover scrap metal. The complaint asserts state-law claims against the Defendants for personal injury and wrongful death based on negligence, breach of warranty, and strict liability. The case was consolidated in state court with five other related cases.

On October 8, 1998, two of the four Defendants, Octagon, Inc. and Timothy M. Collister ("Cross–Complainants"), filed a first amended cross-claim ("FACC") in state court, seeking equitable indemnity, comparative indemnity, apportionment of fault, contribution and/or declaratory relief from, or as to, Roes 1–50 based on the March 18, 1997 explosion, which is the subject of the complaint against Cross–Complainants. Subsequently, Cross–Complainants served the FACC on the United States of America ("the United States"). The United States interpreted the FACC as alleging claims under the Federal Tort Claim Act, 28 U.S.C. §§ 2671–2680 ("FTCA"), which are claims over which state courts have no subject matter jurisdiction. See id. §§ 1346(b)(1) & 1346(c); Will v. United States, 60 F.3d 656, 659 (9th Cir.1995) ("Under the FTCA, the district courts have *exclusive* jurisdiction over claims against the United States for injuries or losses of property caused by the negligent or wrongful act or omission of a government employee.") (emphasis added). However, rather than filing in state court a motion to dismiss the FACC as to it because of the state court's inability to exercise subject matter jurisdiction over the FTCA claim, the United States removed the FACC *along with the six consolidated cases with which it is associated* to the United States District Court for the Central District of California. See 28 U.S.C. § 1442(a)(1) ("section 1442(a)(1)") (authorizing removal of any civil *action* commenced against the United States or its agencies) (emphasis added); Nolan v. Boeing Co., 919 F.2d 1058, 1066 (5th Cir.1990) (noting that section "1442(a)(1)—which authorizes the removal of a 'civil action' by a federal officer or agency sued in state court—permits a federal officer or agency to remove the 'entire case' to federal court even though the removing party [is] a third-party defendant and only *some* of the claims in the case [are] asserted against the federal officer or agency"); Fowler v. Southern Bell Tel. & Tel. Co., 343 F.2d 150, 152 (5th Cir.1965) ("[I]t is settled that the filing of a petition for removal by a single federal officer removes the *entire case* to the federal court.") (emphasis added); cf. Murphy v. Kodz, 351 F.2d 163, 165–67 (9th Cir.1965) (holding that federal court has subject matter jurisdiction over all claims in an action removed under section 1442).

Thereafter, on December 1, 1998, this Court ordered the Cross–Complainants and the United States to show cause why the FACC should not be dismissed as against the United States for a lack of subject matter jurisdiction and the action remanded to state court. The Court spe-

cifically asked the parties to address the issue of whether the doctrine of derivative jurisdiction prohibited this Court from exercising jurisdiction over a third-party FTCA claim removed from state court pursuant to section 1442(a)(1).

## II.

### *ANALYSIS*

When an action is removed from state court by the United States pursuant to section 1442(a)(1), the jurisdiction of the district court upon removal is derivative of the state court's. *In re Elko County Grand Jury,* 109 F.3d 554, 555 (9th Cir. 1997) ("[B]ecause this case was removed from the state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); *see also Smith v. Cromer,* 159 F.3d 875, 879 (4th Cir.1998) ("It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction ...."); *Edwards v. United States Dep't of Justice,* 43 F.3d 312, 316 (7th Cir.1994) ("The jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court."); 14C Charles Alan Wright et al., Federal Practice and Procedure § 3727, at 170 (3d ed. 1998) ("[A] federal court cannot confer subject matter jurisdiction over a case removed under Section 1442 if none existed at the state level.").

■ This means that where the state court lacked jurisdiction over the claim giving rise to the removal, "the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). Thus, federal courts must determine upon removal of an action under section 1442 whether, as an initial matter, the state court from which the action was removed had subject matter jurisdiction. 14C Charles A. Wright, Arthur R. Miller & Frank W. Elliott, Federal Practice and Procedure § 3727, at 170. If there is none, the claim

giving rise to the United States's power to remove must be dismissed. *See Franchise Tax Bd. v. Construction Laborers Vac. Trust,* 463 U.S. 1, 24 n. 27, 103 S.Ct. 2841, 2854 n. 27, 77 L.Ed.2d 420 (1983) (noting that dismissal of the claim is a district court's appropriate course of action where the doctrine of derivative jurisdiction prevents it from exercising subject matter jurisdiction over it); *Nebraska v. Bentson,* 146 F.3d 676, 679 (9th Cir.1998) (noting that district court "simply gave effect to the jurisdictional realities" when it dismissed claim over which it lacked subject matter jurisdiction because of the doctrine of derivative jurisdiction).

■ It is clear in this case that the state court from which this action was removed lacked subject matter jurisdiction over the FTCA claim asserted, by way of the FACC, against the United States since "[u]nder the FTCA, [federal] district courts have *exclusive* jurisdiction over claims against the United States for injuries or losses of property caused by the negligent or wrongful act or omission of a government employee." *Will,* 60 F.3d at 659 (emphasis added). Because of this, the Court will dismiss Cross–Complainants' FACC against the United States.

But whereas dismissal of the FACC is required, remand of what remains of the action—namely, state-law claims between non-diverse parties—is not required since section 1442, in effect, gives district courts supplemental jurisdiction over the whole action removed pursuant to section 1442:

When federal parties remove an action under section 1442(a)(1), the federal court assumes jurisdiction over all the claims and parties in the case regardless of whether the federal court could have assumed original jurisdiction over the suit. If the federal party is eliminated from the suit after removal under this provision, the district court does not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties. Instead, the district court retains the pow-

er either to adjudicate the underlying state law claims or to remand the case to state court.

*District of Columbia v. Merit Sys. Protection Bd.,* 762 F.2d 129, 132–33 (D.C.Cir. 1985). Indeed, the Court recognizes that in certain cases, it may be appropriate in order to effectuate the purpose of section 1442 to retain jurisdiction over an action removed pursuant to 1442 despite dismissing the claims giving rise to the United States's power to remove. *See, e.g., In re Elko,* 109 F.3d at 555 (affirming a district court's refusal to remand action removed pursuant to 1442 despite dismissal of claims giving rise to removal).

However, in their responses to the Court's order to show cause, the parties have not demonstrated that there are federal interests that would be jeopardized by remanding this action to state court. *Cf. id.* In the absence of such interests, countervailing interests of comity, federalism, and respecting the choice of a state forum by the original parties to this action strongly favor remand. *See Torres v. CBS News,* 879 F.Supp. 309, 321 (S.D.N.Y. 1995). Accordingly, the Court will exercise its discretion to decline to assume jurisdiction over this action and will remand it back to the Superior Court of the State of California in and for the County of San Bernardino.

## III.

### *DISPOSITION*

IT IS ORDERED THAT:

1) Cross–Complainants Octagon, Inc. and Timothy Collister's FACC against Cross–Defendant United States of America is DISMISSED.

2) The action is REMANDED to the Superior Court of the State of California in and for the County of San Bernardino.[1]

1. In light of the Court's disposition in this action, the Court need not, and will not, address the motion to dismiss filed by Defendants Octagon, Inc. and Timothy Collister on December 4, 1998. The Court notes also that Cross–Complainants' notice of their lodging of administrative claims against the United States has no effect on the Court's disposition in this matter since Cross–Complainants' failure to file an administrative claim prior to filing suit is not a factor relevant to the analysis of whether the doctrine of derivative jurisdiction prevents this Court from exercising subject matter jurisdiction over a claim improperly brought in state court and subsequently removed to federal court pursuant to section 1442(a)(1).