Hollie **BERMUDEZ**, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant.**

No. CV 00–182–GAF.

United States District Court, C.D. California.

Feb. 4, 2000.

Hollie Bermudez, pro se.

David E. Pinchas, AUSA, Los Angeles, CA, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

FEESS, District Judge.

### I. INTRODUCTION

This motion resurrects the specter of "derivative jurisdiction," which was a doctrine that required a federal court to dismiss a removed case if the state court originally lacked jurisdiction. Under the

theory of "derivative jurisdiction," a federal court's jurisdiction derived from the state court's jurisdiction. If the state court never had jurisdiction, the case was essentially void *ab initio* and the federal court was required to dismiss even if the case could originally have been filed in federal court.

Fortunately, Congress abolished the doctrine of "derivative jurisdiction" by statute in 1986. The defendant's invocation of the doctrine of "derivative jurisdiction" is therefore inappropriate and indefensible, and the Court denies defendant's motion. The doctrine of "derivative jurisdiction" is dead.

## II. BACKGROUND

### A. Plaintiff Filed a $2000 Suit in Small Claims Court Against HUD

On November 16, 1999, Plaintiff Hollie Bermudez filed an action on her own behalf in Los Angeles County Small Claims Court. Plaintiff alleges that Defendant United States Department of Housing and Urban Development ("HUD") has improperly failed to return a $2,000 earnest money deposit for the purchase of real property in the city of Palmdale, California.

### B. HUD Removed the Suit to This Court

On January 5, 2000, HUD removed the case to federal court under 28 U.S.C. § 1442(a)(1) as a suit against an agency of the United States.

### C. HUD Moves to Dismiss Pursuant to the Doctrine of Pendant Jurisdiction

On January 28, 2000, Defendant HUD moved to dismiss the case pursuant to the doctrine of "derivative jurisdiction." HUD acknowledges that the federal court would have had jurisdiction over the claim in the first instance, pursuant to 28 U.S.C.

§§ 1346(a)(2) and 1491(a)(1) (waiving sovereign immunity for contract suits under $10,000 brought in the Court of Claims or a federal district court). However, HUD contends that the suit should be dismissed pursuant to the doctrine of derivative jurisdiction, because the state court never had jurisdiction.

## III. LEGAL ANALYSIS

### A. The Doctrine of Derivative Jurisdiction

The doctrine of "derivative jurisdiction" provided that "a federal court was without jurisdiction over a suit removed to it from state court if the state court from which it was removed lacked subject matter jurisdiction, even though the federal court would have had jurisdiction had the suit been brought their originally." *Beeman v. Olson,* 828 F.2d 620, 621 (9th Cir.1987). The theory of "derivative jurisdiction" was that where a state court lacks jurisdiction over a given subject matter, the case was a nullity when filed and "a fortiori, the district court acquired no subject matter jurisdiction over those claims upon removal." *Guidry v. Durkin,* 834 F.2d 1465, 1473–74 (9th Cir.1987).

### B. Congress Abolished the Doctrine of Derivative Jurisdiction in 1986

In 1986, Congress amended the general removal statute.[1] For actions filed after June 19, 1986, the new Section 1441(e) applies. *Beeman,* 828 F.2d at 621. Section 1441(e) provides that:

> "[T]he court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."

The language is crystal clear. A federal court is not precluded from hearing a case

---

1. As Judge Arnold noted in *State of North Dakota v. Fredericks,* 940 F.2d 333, 336 (8th Cir.1991), it is not difficult to understand why Congress chose to abolish the doctrine. In Judge Arnold's words, "it made no sense." *Id.* The only result of applying "derivative jurisdiction" would be to force the Plaintiff to refile to bring the claim right back before this Court. "This sort of rigamarole is unworthy of a civilized judicial system." *Id.*

such as this one, merely because the state court lacked jurisdiction.

### C. *The Abolition of Derivative Jurisdiction Is Dispositive*

The government does not cite § 1441(e) or appear to recognize that the doctrine of "derivative jurisdiction" has moved on to a better world. The government's argument is squarely contradicted by the language of the statute, and the government does not make any argument for the inapplicability of the statute.[2]

Normally, when a party brings a motion squarely contradicted by established law, without any argument for modification of the law, the Court will consider the application of sanctions under Federal Rule of Civil Procedure 11. However, in this case, the government appears to have been mislead by a stray and essentially inexplicable reference to "derivative jurisdiction" in the recent case of *In re Elko County Grand Jury*, 109 F.3d 554, 556 (9th Cir.1997). In that case, a state grand jury sought to compel a Forest Service employee to testify. 109 F.3d at 555. The Forest Service removed under § 1442, and sought to have the subpoena dismissed. *Id.*

The doctrine of derivative jurisdiction did not really apply in that case because the *claim* was barred by the doctrine of sovereign immunity. In other words, the problem was not so much that the state court could not force a federal employee to appear before the grand jury, but that *nobody* could force a federal employee to appear before a grand jury unless the Administrative Procedures Act had been followed. Neither the state court nor the federal court could consider the claim, and it was therefore properly dismissed. *See State, ex rel., Department of Social Services, Internal Revenue Service v. Bentson*, 146 F.3d 676 (9th Cir.1998).[3]

The Ninth Circuit's mention of "derivative jurisdiction" in *In re Elko County Grand Jury* is therefore perplexing. The Ninth Circuit does not mention or appear to consider the application of the § 1441(e) in that case, although it has done so on numerous previous occasions and uniformly held that § 1441(e) abolished "derivative jurisdiction." *See, e.g., Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 n. 2 (9th Cir.1988); *Guidry*, 834 F.2d at 1468 n. 4; *Beeman*, 828 F.2d at 621.[4] The

**2.** Nor would such an argument avail the government. It is quite clear that removals under § 1442(a)(1) are covered by § 1441(e) if the suits were filed after July 16, 1986. *Guidry*, 834 F.2d at 1468 n. 4. The federal court can consider claims that were barred by sovereign jurisdiction when originally filed in the state courts. *Beeman*, 828 F.2d at 621; *State of North Dakota*, 940 F.2d at 336; *Lewis v. Windsor Door Co.*, 926 F.2d 729, 730 n. 2 (8th Cir.1991).

**3.** The government's citation to *State of Nebraska* is entirely inapposite. In *State of Nebraska v. Bentson*, 146 F.3d 676 (9th Cir. 1998), the Court was called on to determine whether the District Court, following removal, had jurisdiction to hear a case under 26 U.S.C. § 6305 involving the IRS's collection of child support payments. The Court held that, even though § 6305 deprived the federal courts of jurisdiction to adjudicate disputes regarding the IRS's involvement in the collection of child support claims, the defendant had the power to remove the case and the District Court had jurisdiction to determine whether it had jurisdiction over the case.

Moreover, the Ninth Circuit concluded that it also had the power to review the District Court's dismissal of the IRS from the case and ultimately upheld that dismissal because, according to the circuit, the IRS was also immune from suit in state court as well as suit in federal court. The case does not address the so-called doctrine of "derivative jurisdiction" at any point, and the suggestion that it did is, at best, misleading. This was a case where the federal court was expressly denied jurisdiction over the case before it by act of Congress, not by virtue of "derivative jurisdiction."

**4.** The Court notes that there is also a discussion of "derivative jurisdiction" in the Second Circuit's opinion in *PT United Can Co., Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2nd Cir.1998). In that case, the Second Circuit applied the doctrine's reasoning in observing that a defendant does not waive venue challenges by removal. *Id.* The Second Circuit's considered discussion cited a number of cases from the mid–1940's and quoted at length from Learned Hand's writing in *Green-*

Court concludes that *In re Elko County Grand Jury* can only read narrowly, for the basic and undisputed proposition that a state grand jury cannot subpoena a federal officer under normal state procedures.

Despite *In re Elko County Grand Jury*, the Court believes that Rule 11 sanctions might be appropriate. Any reasonable search on the subject of "derivative jurisdiction" in the Ninth Circuit's jurisprudence would have revealed the fact that "derivative jurisdiction" has been abolished.[5] Although the Court will exercise its discretion in this instance and forbear the issuance of an Order to Show Cause, counsel is cautioned in the strongest possible terms that the Court expects all counsel to adequately research a proposition before bringing it to the Court.

## IV. CONCLUSION

The motion is not meritorious and is DENIED.

IT IS SO ORDERED.

*berg v. Giannini*, 140 F.2d 550, 553 (2nd Cir.1944).

Because the question of venue applies equally in federal courts and state courts, there was no need for the *PT United* court to consider whether the doctrine of "derivative jurisdiction" should directly apply to that case. The Court here notes only that the discussion of derivative jurisdiction in *PT United* cannot be considered an indication that the doctrine has any current applicability.

**5.** Although unpublished Ninth Circuit opinions may not be cited as precedent, they ap-pear as part of virtually any search on Westlaw and can provide valuable clues as to established law. In this instance, a search for "derivative jurisdiction" would have revealed *Marinkovic v. Casey, Gerry, Casey, Westbrook, Reed*, No. 96–56657, 1998 WL 51712 (9th Cir.1998), as an even more recent case than *In re Elko County Grand Jury* that discusses "derivative jurisdiction." Furthermore, any research that looked beyond *In re Elko County Grand Jury* would have found the published cases that are cited in this Order.