**Charles GLASS, et al.**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, et al.**

**No. CV 08–1835–GW(CWx).**

United States District Court, C.D. California.

May 29, 2008.

---

Robert Kropp, Jr., for Plaintiffs.

Tony Cheng, Brock Christensen, David E. Pinchas, AUSA, for Defendants.

**PROCEEDINGS: CROSS–DEFEN-DANT UNITED STATES OF AMERICA'S MOTION TO DISMISS (filed 04/29/08)**

GEORGE H. WU, District Judge.

Hearing is held. The tentative circulated is hereby adopted as the Court's final ruling (attached hereto).

For the reasons stated on the record, the Cross–Defendant United States of America's Motion to Dismiss (filed 04/29/08) is **granted**. The cross claim is hereby dismissed and this action is hereby remanded back to State Court for all further proceedings.

IT IS SO ORDERED.

## I. Background

On January 8, 2007, plaintiff Charles Glass ("Plaintiff") sued the National Railroad Passenger Corporation ("NRPC"), BNSF Railway Company ("BNSF") and Doe defendants in Los Angeles County Superior Court. Plaintiff later dismissed its negligence claim against BNSF and added Harry Singh & Sons Farming Partnership ("Singh") and Oceanside Produce, Inc. as defendants. On February 6, 2008, Singh filed a Cross–Complaint against the United States. Pursuant to 28 U.S.C. § 1442(a)(1), the United States timely removed the entire action to this Court on March 18, 2008. In conjunction with this removal, the United States asserted that it had federal defenses to the Cross–Complaint including the following: "the United States has not waived its sovereign immunity to permit suits against it in state court on Singh's indemnity and contribution claims, because such claims are only actionable, if at all, in United States district court pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80." Notice of Removal at 3:5–9.

This case involves an accident where a tree fell on the locomotive on which Plaintiff was a conductor, thereby allegedly injuring him. The tree in question was purportedly located on real property that the United States Department of the Navy leased to Singh at Camp Pendleton, California. Plaintiff alleges two causes of action: 1) for violation of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, against NRPC, and 2) negligence against BNSF (now Singh). Singh's cross-complaint sets forth claims for equitable indemnity, partial equitable indemnity, implied contractual indemnity and contribution.

Plaintiff earlier moved to have the Complaint severed from the Cross–Complaint and to have the Complaint remanded to state court. Because of conflicts between Plaintiff's statutory right to have his FELA claim heard in state court and the United States' statutory right to remove to federal court an action brought against it in state court, this Court took that motion under submission pending the outcome of the present motion. The United States now moves to dismiss the Cross–Complaint pursuant to Fed.R.Civ.P. 12(b)(1) arguing that, because the state court originally lacked subject matter jurisdiction as to the Cross–Complaint, under the theory of "derivative jurisdiction," this Court lacks such jurisdiction as well.

## II. Analysis

Even though it was the party responsible for the removal of this action from state court, the United States argues that this Court must dismiss the Cross–Complaint because the state court lacked subject matter jurisdiction over it. *See Napoleon Hardwoods, Inc. v. Professionally Designed Benefits, Inc.,* 984 F.2d 821, 822 (7th Cir.1993) ("[E]ven the party which invoked federal jurisdiction may later challenge it...."). The United States primarily focuses on the proposition that it has

only waived its sovereign immunity for the types of claims raised herein pursuant to the Federal Tort Claims Act ("FTCA"), which requires that such actions be brought in federal court. *See* 28 U.S.C. § 1346(b)(1); *Will v. United States,* 60 F.3d 656, 659 (9th Cir.1995). Perhaps in recognition of the fact that at least one of Singh's claims appears to be contractually-based and thus arguably not subject to the FTCA, the United States later cites to the Tucker Act, which requires that express or implied contractual claims be brought in the Court of Federal Claims or, if the amount in question is less than $10,000, allows for such claims to be brought in federal district courts. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a). Inasmuch as the FTCA and the Tucker Act would require litigation of the matters raised in the Cross–Complaint in *fora* other than the state courts, the doctrine of "derivative jurisdiction," if applicable here, would preclude this Court from having jurisdiction, even if the matter could have been raised here originally. *See Lambert Run Coal Co. v. Baltimore & O.R. Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction"); *In re Elko County Grand Jury,* 109 F.3d 554, 555 (9th Cir.), *cert. denied sub nom., Elko County Grand Jury v. Siminoe,* 522 U.S. 1027, 118 S.Ct. 625, 139 L.Ed.2d 606 (1997).

Singh, however, disputes whether derivative jurisdiction is still a viable canon. Singh cites a 1986 amendment to 28 U.S.C. § 1441(e) and case law interpreting and applying that section in arguing that derivative jurisdiction has no place in the Court's review, even with respect to matters removed pursuant to 28 U.S.C. § 1442. *See generally* Schwarzer, Tashima, et al., *California Practice Guide: Federal Civil Procedure Before Trial* (2008)

§§ 2:829.5–829.7, at 2D–120–121; 17A Charles Alan Wright, Arthur R. Miller & Edward H, Cooper, *Moore's Federal Practice* (3d ed.2006) § 120.12[3][a], at 120–33–120–34. *But see* 14C Charles Alan Wright, Arthur R. Miller & Edward H, Cooper, *Federal Practice and Procedure* (2007), § 3727, at 170 & n. 78 ("The discredited doctrine of derivative jurisdiction persists in cases removed under Section 1442. . . ."). As the United States points out in its Reply, however, the cases upon which Singh relies are suspect, either because the cases a) merely reflect *dicta* (of at least occasionally uncertain import), b) are non-controlling precedent or c) have nothing to do with a section 1442 removal. *See, e.g., Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1392 n. 3 (9th Cir.1988) (stating, in an action removed under 28 U.S.C. § 1441(b) prior to the effective date of the 1986 amendment, that the amendment had "abolishe[d] the derivative jurisdiction doctrine"); *Guidry v. Durkin,* 834 F.2d 1465, 1468 n. 4 (9th Cir.1987) (noting in case which was removed prior to effective date of 1986 amendment that the amendment "eliminate[d] the derivative nature of removal jurisdiction"); *Beeman v. Olson,* 828 F.2d 620, 621 (9th Cir.1987) (stating, in case removed pursuant to section 1442(a)(1), but commenced prior to effective date of 1986 amendment, that derivative jurisdiction rule "was changed" for cases commenced after effective date); *Bermudez v. United States Dep't of Housing & Urban Dev.,* 84 F.Supp.2d 1094, 1095–96 & n. 2 (C.D.Cal.2000) (stating that the doctrine of derivative jurisdiction "is dead" and that government agency's invocation of it was "inappropriate and indefensible"). Moreover, at least two appellate cases (including one from the Ninth Circuit) have continued to apply the doctrine of derivative jurisdiction to matters removed pursuant to section 1442 even after the addition of

section 1441(e). *See Smith v. Cromer,* 159 F.3d 875, 879 (4th Cir.1998), *cert. denied sub nom., Cromer v. Smith,* 528 U.S. 826, 120 S.Ct. 76, 145 L.Ed.2d 64 (1999); *In re Elko County Grand Jury,* 109 F.3d at 555; *see also Golden Eagle Ins. Corp. v. Allied Tech. Group,* 83 F.Supp.2d 1132, 1134 (C.D.Cal.1999).

Ultimately, however, the dispute (if it may be deemed that) between these courts concerning the scope of former section 1441(e) is somewhat academic, as Congress again amended section 1441 in 2002. In the newly added section 1441(f) (which replaced section 1441(e)), Congress made clear that the principles of derivative jurisdiction were inapplicable to matters removed to federal court under "this section" (*i.e.,* section 1441). *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is *removed under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.") (emphasis added); *see also FBI v. Superior Court of Cal.,* 507 F.Supp.2d 1082, 1091–92 (N.D.Cal.2007). Although Singh would like this Court to analyze the legislative history underlying the addition of section 1441(f) to conclude that there is no reason not to expand the ban on derivative jurisdiction beyond the boundaries of section 1441 removals, there is no reason to do so. Where statutory language is clear, there is no need to resort to legislative history. *Cf. Palmer v. City Nat'l Bank, of W. Va.,* 498 F.3d 236, 246 (4th Cir.2007) ("Whatever the intent of the 2002 amendment, its result was that § 1441(f) is more clear than former § 1441(e) in abrogating derivative jurisdiction only with respect to removals effectuated under § 1441."), *cert. denied sub nom., City Nat'l Bank of W. Va. v. Dep't of Agric., Farm Serv. Agency,* —— U.S. ——, 128 S.Ct. 2495, 171 L.Ed.2d 766 (2008). This Court agrees with the discussion and holding in

*FBI,* 507 F.Supp.2d at 1090–92, that the derivative jurisdiction doctrine is alive and well and applies to 28 U.S.C. § 1442 removals.

While Singh complains that this result might force him to litigate matters in two courts and could lead to inconsistent results, these concerns run up against two weightier considerations: 1) the United States has sovereign immunity and may only be sued where it has waived that immunity, subject to conditions on such waiver; and 2) if this Court lacks subject matter jurisdiction, matters of potential inconvenience and prejudice do not negate that fact. Moreover, Singh's focus on the necessity of litigating in two courts may be obviated if Singh in fact prevails in Plaintiff's suit. Although Singh also predicts that he may be precluded from prosecuting an action against the United States because he may be deemed to have failed to bring all necessary and indispensable parties into Plaintiff's case, it is difficult to see how that could possibly happen. Singh *did* bring the United States into Plaintiff's case, albeit temporarily.

The Court will grant the United States' motion, dismiss the Cross–Complaint, and remand the remainder of the action back to state court.