**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY L. COX; RENEE M. COX, *Plaintiffs-Appellees*, v. UNITED STATES DEPARTMENT OF AGRICULTURE, *Defendant-Appellant*. | No. 13-15225 D.C. No. 3:11-cv-00454-RCJ-WGC ORDER AND OPINION |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 6, 2015[*]
San Francisco, California

Filed September 2, 2015

Before: Richard C. Tallman Milan D. Smith, Jr.,
and Mary H. Murguia, Circuit Judges.

Per Curiam Opinion

---

 [*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Foreclosure / Jurisdiction

The panel redesignated the memorandum disposition, filed July 20, 2015, as a per curiam opinion in which the panel reversed the district court's order remanding back to state court plaintiffs' petition for an order modifying their rural housing loan, and remanded with instructions that the district court dismiss the petition for lack of jurisdiction.

The plaintiffs defaulted on a rural housing loan granted by the U.S. Department of Agriculture. The USDA initiated foreclosure proceedings, and the plaintiffs elected to participate in Nevada's Foreclosure Mediation Program. The mediator found that USDA did not participate in mediation in good faith, chiefly because USDA regulations prevented the agency from entertaining the loan modifications that the plaintiffs requested. Plaintiffs filed a petition in Nevada state court seeking a favorable loan modification and sanctions against the USDA, and USDA removed the plaintiffs' petition to federal court.

The panel held that the Nevada state court lacked jurisdiction over the action because the record contained no evidence that USDA waived its sovereign immunity to the plaintiffs' petition. The panel further held that under the derivative jurisdiction doctrine, the district court, accordingly, also lacked jurisdiction over the petition on removal. The

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

panel concluded that the district court was bound to dismiss the petition rather than remand to state court.

## COUNSEL

Stuart F. Delery, Acting Assistant Attorney General, Karen L. Loeffler, United States Attorney, Mark B. Stern and John S. Koppel, Attorneys, Appellate Staff Civil Division, United States Department of Justice, Washington, D.C., for Defendant-Appellant.

No appearance for Plaintiffs-Appellees.

## ORDER

Defendant-Appellant U.S. Department of Agriculture's request for publication, filed July 20, 2015, is **GRANTED**. The memorandum disposition filed July 13, 2015, is revised and redesignated a per curiam opinion.

## OPINION

PER CURIAM:

Plaintiffs-Appellees Larry and Renee Cox defaulted on a rural housing loan granted by Defendant-Appellee U.S. Department of Agriculture ("USDA"). When USDA initiated foreclosure proceedings, the Coxes elected to participate in Nevada's Foreclosure Mediation Program. The mediator found that USDA did not participate in mediation in good

faith, chiefly because USDA regulations prevented the agency from entertaining the loan modifications that the Coxes requested.  The Coxes petitioned in state court for an order modifying their loan.

USDA then removed the Coxes' petition to federal court, but the district court remanded the petition back to state court. Because the district court should have instead dismissed the petition for lack of jurisdiction, we now reverse the district court's order remanding the petition to state court.

This dispute arose when the Coxes defaulted on an almost $45,000 home loan from the USDA.  After default, USDA accelerated the loan and instituted foreclosure proceedings. But, pursuant to a Nevada statute, USDA was required to engage in a good-faith loan modification mediation with the Coxes prior to foreclosure. Nev. Rev. Stat. § 107.086(3), (6). USDA attended the required mediation.  The Coxes were hoping to negotiate a lower interest rate on the home loan and a longer payment term at the mediation. Federal regulations, however, prevented USDA from meaningfully altering the terms of the home loan.  See 7 C.F.R. §§ 3550.201, 3550.211(h) (preventing USDA from reamortizing loans that have been accelerated); 7 C.F.R. § 3550.208 (preventing USDA from reamortizing loans at a lower interest rate). Because of these regulations, USDA's hands were tied.

The state mediator found that USDA did not negotiate in good faith. The Coxes filed a petition in Nevada state court seeking a favorable loan modification and sanctions against USDA for negotiating in bad faith.

In response, USDA properly removed the Coxes' petition to the District of Nevada under 28 U.S.C. § 1442(a)(1).

USDA also moved to dismiss pursuant to sovereign immunity and other doctrines.  The district court held that it lacked subject matter jurisdiction and remanded the Coxes' petition back to state court.  USDA now appeals, arguing that remand was improper because USDA enjoys sovereign immunity from suit in Nevada state courts.

Because the record contains no evidence that USDA waived its sovereign immunity to the Coxes' petition, the Nevada state court lacked jurisdiction over the action.  *See Neb. ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 679–80 (9th Cir. 1998).  Accordingly, under the derivative jurisdiction doctrine, the district court also lacks jurisdiction over the petition on removal.  *See In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997).  The district court therefore was bound to dismiss the petition rather than remand to state court.  *See id.*

Because we conclude that the district court erred in failing to dismiss the petition for lack of jurisdiction, we do not reach the other issues raised on appeal.

The district court's remand order is **REVERSED** and the action **REMANDED** with instructions that the district court dismiss the Coxes' petition for lack of jurisdiction.