**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSARIO RODRIGUEZ,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 18-56074

D.C. No. 2:18-cv-03328-RGK-KS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 15, 2019[**]
Pasadena, California

Before: WARDLAW and COLLINS, Circuit Judges, and SETTLE,[***]
District Judge.

Rosario Rodriguez appeals the district court's dismissal of her Federal Tort

Claims Act ("FTCA") suit—originally filed in state court—based on the derivative

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

[***] The Honorable Benjamin H. Settle, District Judge for the United States District Court for the Western District of Washington, sitting by designation.

jurisdiction doctrine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2015, Rodriguez allegedly suffered a slip-and-fall at a United States Postal Service facility in Monrovia, California. After exhausting her administrative remedies, she filed this suit against the United States in Los Angeles County Superior Court.[1] The United States removed the case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and timely moved to dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The district court granted the motion, and Rodriguez appealed.

The FTCA's limited waiver of the United States' sovereign immunity does not extend to suits filed in state court. 28 U.S.C. § 1346(b)(1). Accordingly, the state court lacked subject matter jurisdiction over Rodriguez's claim. *See Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (per curiam). In turn, the long-standing derivative jurisdiction doctrine provides that if a state court lacks jurisdiction over a case, a federal court does not acquire jurisdiction on removal. *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (collecting cases). Although Congress has abolished

---

[1] In her complaint, Rodriguez also included the Postal Service and ten unnamed Does as defendants. In her opening brief, Rodriguez ignores the Doe defendants, and does not challenge the district court's ruling that the Postal Service was not a proper defendant. Rodriguez thus does not contend that there was any proper defendant other than the United States.

that doctrine with respect to the general removal statute, 28 U.S.C. § 1441(a), this court has recently reaffirmed that the doctrine still applies to the federal officer removal statute. *Cox*, 800 F.3d at 1032 (citing *In re Elko Cty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997)). That the United States could have removed the case under § 1441 is of no moment when, as here, it did not do so.

Even assuming that *Rodas v. Seidlin*, 656 F.3d 610, 623 (7th Cir. 2011), is correct in holding that the derivative jurisdiction doctrine reflects only a waivable "procedural defect[]" arising "in the removal process," a point we need not decide, the United States has not waived the point because it promptly raised the doctrine within seven days of removal. *See id.* at 624 ("[I]n every case we located in which the Supreme Court discussed the matter of derivative jurisdiction, *the matter appears to have been raised promptly upon removal*, prior to adjudication on the merits.") (emphasis added).

The district court properly declined to rule on whether Rodriguez's claim would be time-barred if she attempted to refile her complaint in federal court. Such a ruling would be advisory and is therefore impermissible. *Calderon v. Ashmus*, 523 U.S. 740, 747–48 (1998).

**AFFIRMED.**