NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO ACOSTA, Jr., | No. 22-55288 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:21-cv-05974-JFW-JPR |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security; NANCY A. BERRYHILL, Former Acting Commissioner of the Social Security Administration; JESSE GALLEGOS; GARY GONZALEZ; DOES, 1-10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 19, 2023**
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and MCMAHON,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

Guillermo Acosta, Jr., ("Acosta") appeals the district court's denial of his motion for leave to file an amended complaint in his suit against the Commissioner of the Social Security Administration ("SSA") and his former supervisors (collectively, "Defendants") arising from his 2015 termination from the SSA.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Acosta's motion because further amendment would be futile under the derivative jurisdiction doctrine, which dictates that the federal court's jurisdiction is "derivative" of the state court's jurisdiction in cases removed to the federal court. *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). If the state court lacks subject matter jurisdiction, the federal court acquires none, even if "in a like suit originally brought in federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939). In this case, the state court did not have jurisdiction because sovereign immunity bars Acosta's state and common law claims, *see Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976), and his Title VII claims can be brought only in federal court, 28 U.S.C. § 1346(b)(1). Because

---

[1] Although Acosta's notice of appeal states that he appeals the district court's dismissal of his complaint, he concedes in his reply that he does not challenge the dismissal. Because he has affirmatively waived this argument for the purpose of this appeal we need not reach it. *See Etemadi v. Garland*, 12 F.4th 1013, 1026 (9th Cir. 2021) ("[W]aiver is the intentional relinquishment of a known right."), *reh'g granted, opinion withdrawn*, 36 F.4th 1238 (9th Cir. 2022).

the state court did not have jurisdiction, the federal court does not acquire jurisdiction on removal and the district court was required to dismiss the complaint for lack of jurisdiction. *See Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015). Further amendment of the complaint would be futile because the district court lacked jurisdiction. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("[A] district court does not err in denying leave to amend where the amendment would be futile." (internal quotation marks omitted)).

Acosta's arguments for why the derivative jurisdiction doctrine should not apply are unavailing. First, although Congress abrogated the derivative jurisdiction doctrine with respect to 28 U.S.C. § 1441, it did not do so with respect to 28 U.S.C. § 1442, the basis for Defendants' removal. We have reaffirmed that the derivative jurisdiction doctrine continues to apply to removal under § 1442. *See Cox*, 800 F.3d at 1032. Second, even if Acosta is correct that the derivative jurisdiction doctrine creates a procedural defect to removal that can be waived, Defendants did not waive the issue. Defendants promptly raised the derivative jurisdiction doctrine in their motion to dismiss. *See Bracken v. Okura*, 869 F.3d 771, 776 n.3 (9th Cir. 2017) (finding that a party did not waive an issue when they asserted it in an opposition to a motion to dismiss and in a motion for reconsideration).

**AFFIRMED.**[2]

---

[2] Because we affirm the district court's denial of Acosta's motion on the basis of the derivative jurisdiction doctrine, we do not reach Acosta's argument that the district court erred in denying leave to amend based on Acosta's failure to follow the district court's Local Rules and Standing Order.