**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAKER RANCHES, INC.; et al., | No.  22-15765 |
| Plaintiffs-Appellees, | |
| v. | D.C. No. 3:21-cv-00150-GMN-CSD |
| DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

| | |
|---|---|
| BAKER RANCHES, INC.; et al., | No.  22-15846 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 3:21-cv-00150-GMN-CSD |
| DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Gloria M. Navarro, District Judge, Presiding

Argued and Submitted October 4, 2023
University of Nevada Las Vegas

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[**] District Judge.

The government appeals the district court's order granting the motion of Baker Ranches, Inc. (Baker Ranches) and the other Plaintiffs to remand to Nevada state court their lawsuit alleging that the government violated its water rights under the Baker-Lehman Decree. In its cross-appeal, Baker Ranches asserts that the district court abused its discretion in denying its request for attorney's fees and costs. We vacate the district court's decision to remand the action to state court, but affirm the district court's denial of attorney's fees and costs.

We have jurisdiction under 28 U.S.C. § 1447(d)[1], and we review *de novo* the district court's remand of Baker Ranches' action to state court. *See City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1106 (9th Cir. 2022). We review the district court's denial of attorney's fees and costs under 28 U.S.C. § 1447(c) for an

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1] Baker Ranches' contention that we lack jurisdiction to review the district court's order remanding its action to state court is foreclosed by our precedent. *See Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1120-21 (9th Cir. 2023).

abuse of discretion.  *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

The district court properly recognized that the doctrine of prior exclusive jurisdiction applies "when a court of *competent jurisdiction* has obtained possession, custody, or control of particular property."  *United States v. PetroSaudi Oil Servs. (Venezuela) Ltd.*, 70 F.4th 1199, 1208 (9th Cir. 2023) (citation omitted) (emphasis added); *see also State Eng'r of Nev. v. S. Fork Band of the Te-Moak Tribe of the W. Shoshone Indians of Nev.*, 339 F.3d 804, 809-10 (9th Cir. 2003).  However, the district court did not address whether the government had sovereign immunity from suit, which would deprive the state court of jurisdiction over Baker Ranches' action.  If "the record contains no evidence that [the government] waived its sovereign immunity," then "the Nevada state court lacked jurisdiction over the action."  *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (per curiam) (citation omitted).  "Accordingly, under the derivative jurisdiction doctrine, the district court [would] also lack[ ] jurisdiction."  *Id.* (citation omitted).

"The McCarran Amendment, 43 U.S.C. § 666, waives the United States' sovereign immunity for the limited purpose of allowing the Government to be joined as a defendant in a state adjudication or administration of water rights. . . ." *In re Klamath Irrigation Dist.*, 69 F.4th 934, 942 (9th Cir. 2023) (citation,

3

alteration, and internal quotation marks omitted).  However, it does not "expand a state court's subject matter jurisdiction or empower a state to adjudicate rights beyond its jurisdiction."  *Id.*

Because the district court decision does not address whether the government waived its sovereign immunity under the McCarran Amendment relative to the specific claims alleged by Baker Ranches, we vacate and remand for the district court to conduct this analysis in the first instance.  In addition to any other relevant issues, the district court should decide:  (1) whether Baker Ranches' claims actually involve the administration of water rights as contemplated by the McCarran Amendment; (2) whether the government's sovereign immunity is impacted by its alleged reserved water rights or its decreed water rights under the Baker-Lehman Decree that are not at issue in Baker Ranches' action; and (3) whether the proceedings resulting in the Baker-Lehman Decree constituted a complete adjudication for purposes of the McCarran Amendment of the water rights at issue in Baker Ranches' action.

Due to the plausible jurisdictional challenges raised by the government, the district court did not abuse its discretion in denying Baker Ranches' request for attorney's fees and costs under 28 U.S.C. § 1447(c) because the government did not "lack[ ] an objectively reasonable basis for seeking removal."  *Chan*

*Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1141 (9th Cir. 2017) (citation omitted).

The panel retains jurisdiction over any future appeals in this matter.

**AFFIRMED in part and VACATED and REMANDED in part.**